UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KATRINA MASON,

        Plaintiffs,

-against-

THE CITY OF NEW YORK, LT. DENNIS FERBER, P.O. LUIS MACHADO, P.O. JERRY ORTIZ, P.O. CHRISTOPHER DONOHUE and P.O.s JOHN DOES #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

        Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

CV10-4252

ROSS, J.

POLLAK, M.J.



Plaintiff, KATRINA MASON, by her attorneys, MYERS SINGER & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, LT. DENNIS FERBER, P.O. LUIS MACHADO, P.O. JERRY ORTIZ, P.O. CHRISTOPHER DONOHUE and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, an African-American, was and is a resident of Brooklyn, New York, located in the Eastern District of New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants LT. DENNIS FERBER, P.O. LUIS MACHADO, P.O. JERRY ORTIZ, P.O. CHRISTOPHER DONOHUE and P.O.s "JOHN

DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On August 31, 2008, prior to 2:00 a.m., Plaintiff KATRINA MASON was lawfully in a public place on or about Regent's Place near East 21st Street, County of Kings, State of New York, speaking with a group of family and friends.

12. The group was not engaged in any unlawful activity, but nevertheless was approached by police officers.

13. The police officers unlawfully searched members of the group and their cars. At times, the police officers addressed the group with bad language.

14. Thereafter, the police officers left the location. A family member called "911" and spoke to the Internal Affairs Bureau to file a complaint against the police officers.

15. Some time later, Internal Affairs Officers arrived at the location and spoke to Plaintiff and various family members. After the officers left, Plaintiff left the location to go to a restaurant to eat.

16. A short time later, Plaintiff returned to the location and discovered that a second group of police officers had arrived on the location and were demanding that the group disperse.

17. Plaintiff observed two of her family members, Fred French and Kendell French, attempting to leave the scene. She then observed police officers forcibly grab and assault Fred French, pushing to a gate and then pulling him to the ground.

18. Plaintiff observed a separate group of officers accost Kendell French. Several of the officers held Kendell French stationary while other officers assaulted him, repeatedly striking him even after he had fallen to the ground and lay helpless.

19. Plaintiff called out to the officers to stop beating Kendell French, but she was ignored. Plaintiff took a pencil and paper and began to write down the license plate numbers of the police vehicles at the location.

20. Plaintiff also approached officers and tried to write down their badge numbers so that she could report the information to Internal Affairs.

21. One of the police officers ripped the paper from her hand and tore it up. When plaintiff got a new piece of paper and began to record the information again, the same police officer ordered that she be "taken" in.

22. Thereafter, the Defendant Police Officers unjustly and without probable cause arrested Plaintiff KATRINA MASON.

23. Plaintiff was arrested in front of a group of her peers and ultimately charged with, *inter alia*, Assault in the Third Degree and Resisting Arrest.

24. After her arrest, the Defendant Police Officers filled out false police reports and provided false and misleading information to the Prosecution which implicated Plaintiff

in the commission of a crime, including the false allegation that she had struck a police officer in the face.

25. Plaintiff denied any participation in the crimes alleged.

26. On or about September 1, 2008, Plaintiff was arraigned in Criminal Court, Kings County, New York, under Docket Number 2008KN064692.

27. Plaintiff was released on her own recognizance. Plaintiff returned to court to fight the false allegations against her.

28. As a consequence of her arrest, Plaintiff spent a day in jail, spent money to hire a lawyer and lost her job as a home health attendant.

29. After more than a year of litigation, all the charges against Plaintiff were ultimately dismissed and sealed.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

32. All of the aforementioned acts deprived Plaintiff, KATRINA MASON, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

36. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST UNDER 42 U.S.C 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. As a result of Defendants' aforementioned conduct, Plaintiff, KATRINA MASON, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

41. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

42. As a result of his false arrest, Plaintiff KATRINA MASON was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

7

46. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

47. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

48. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

49. The criminal proceedings against Plaintiff were terminated in her favor.

## SIXTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

50. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendants issued legal process to place Plaintiff under arrest.

52. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

54. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 53 with the same force and effect as if fully set forth herein.

55. Defendant Police Officers arrested KATRINA MASON despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

58. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

59. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff KATRINA MASON.

60. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff KATRINA MASON as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff KATRINA MASON as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff KATRINA MASON.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

64. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

65. All of the foregoing acts by Defendants deprived Plaintiff KATRINA MASON of federally protected rights, including, but not limited to, the right:

        a. Not to be deprived of liberty without due process of law;

        b. To be free from seizure and arrest not based upon probable cause;

        c. To be free from unlawful imprisonment;

        d. To be free from intentional assault and infliction of emotional distress;

        e. Not to have cruel and unusual punishment imposed upon him; and

        f. To receive equal protection under the law.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff KATRINA MASON demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
September 15, 2010

Respectfully submitted,

Christopher D. Galiardo (CG7285)

MYERS & GALIARDO, LLP
*Attorneys for Plaintiff*
122 East 42nd Street, Suite 2710
New York, New York 10168
(212) 986-5900